## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

**ANNETTE ADAMS**                                 **CASE NO.  6:24-CV-01223**

**VERSUS**                                        **JUDGE ROBERT R.**
                                                  **SUMMERHAYS**

**POLICE DEPT OF KAPLAN ET AL**                   **MAGISTRATE JUDGE CAROL B.**
                                                  **WHITEHURST**

## REPORT AND RECOMMENDATION

Plaintiff filed this lawsuit without the assistance of legal counsel and *in forma pauperis*. (Rec. Doc. 6).   Her complaint was screened under 28 U.S.C. § 1915(e)(2)(B) to determine whether the Court has subject matter jurisdiction and whether her claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. For the reasons explained below, the Court recommends that certain Defendants be dismissed from this lawsuit as frivolous for lack of jurisdiction and/or failure to state a claim upon which relief may be granted.

## Factual Background

Plaintiff filed the present action *pro se* on September 5, 2024, against the Kaplan Police Department ("Kaplan PD"), Chief of Police Joshua Hardy, Officer Chase Trahan, Officer Irvin Cates, Assistant Chief of Police Robert Lemay, the mayor of Kaplan, and Judge Frank Hardee, III, after she received citations from the Kaplan PD for failing to have the requisite license and registration for her vehicle.

(Rec. Doc. 1).  Plaintiff maintains that she changed her "political status to American State National" and thus has the "right to travel without having…a STATE OF LOUISIANA license[] plate [or] registration." (*Id*. at ¶ 10).  Per Plaintiff, Defendant Trahan, who effectuated the traffic stop, refused to review her "travel packet that made it very clear of [Plaintiff's] right to travel" without a license plate or registration.  (*Id*.)  Plaintiff also alleges that Defendant Trahan would not speak to her brother who "at the time was the Marshal for the Louisiana Assembly which is the lawful Government of the Land and [S]oil." (*Id*.).  Plaintiff was ultimately issued citations and permitted to drive her vehicle home and told to leave it parked until properly registered with a license plate. (*Id*.).  Plaintiff did not do so, and, on April 29, 2024, she was again stopped for driving her vehicle without a valid license plate or registration. (*Id*. at ¶ 11).  Plaintiff was issued another citation, and her car was towed and remains impounded.  (Rec. Doc. 1, ¶ 11).

Plaintiff returned the citations to the Kaplan City Court "with a letter to the Judge stating [Plaintiff] did not consent and the officer was acting out of his jurisdiction." (*Id*.).  A family member paid her citation fines and court costs without her permission, and Plaintiff contends that the "payment received by the court needs to be returned to the payer without further delay and the citations against the franchise person need to be dismissed." (*Id*. at ¶ 15).  Several other allegations in

Plaintiff's Complaint relate to another individual who is not a party to this action. (*See Id.* at ¶¶ 13, 14, & 16).

Plaintiff alleges that Defendants are in violation of the Foreign Sovereign Immunities Act, deprivation of rights under color of law, seizure of motor vehicle, theft of license plate, failure to honor God given rights, failure to honor oath of office, failure to follow federal statutes, among other alleged violations. (*Id.* at ¶ 17). Plaintiff requests $1,440,000.00 in damages for having "endured significant hardship due to being unlawfully stopped and cited twice, with her car unjustly impounded by the police." (*Id.*). On November 7, 2024, Defendants filed Motions to Dismiss (Rec. Docs. 9, 10, & 11). Plaintiff did not oppose any of the Motions.

## Law and Analysis

### I.    Standards Applicable to *pro se* and *in forma pauperis* Litigants

Plaintiff is not represented by counsel. The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, *pro se* plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). A *pro se* litigant should ordinarily be offered an opportunity to amend their complaint before it is dismissed but leave to

amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Rule 12(b)(6) motion to dismiss. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014). Furthermore, *pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Plaintiff filed a motion for *in forma pauperis* status along with her complaint. An indigent person may bring an *in forma pauperis* action in federal court without paying costs. 28 U.S.C. § Section 1915(a)(1). District courts screen such complaints and may dismiss them at any time if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A dismissal "at any time" includes dismissal at the initiation of the action before the defendant has appeared. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). This "discourage[s] the filing of, and waste of judicial and private resources upon, baseless lawsuits" and "spare[s] prospective defendants the

4

inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490

U.S. 319, 324; 327 (1989).  A court must not dismiss a complaint simply because

the facts presented by the plaintiff appear unlikely. *Denton v. Hernandez*, 504 U.S.

25, 33 (1992). However, a complaint must allege a set of facts sufficient "to state a

claim. . . that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007). Therefore, a district court may review a complaint and dismiss *sua*

*sponte* those claims premised on meritless legal theories and those that clearly lack

any basis in fact. *Denton v. Hernandez*, 504 U.S. at 32 (citing *Neitzke v. Williams*,

490 U.S. at 327).

District courts are vested with especially broad discretion in determining

whether a dismissal for frivolousness is warranted in cases brought by plaintiffs *in*

*forma pauperis*, and dismissal is appropriate if a complaint has no "realistic chance

of ultimate success" or is "clearly baseless."  *Green v. McKaskle*, 788 F.2d at 1119-

20; *Denton v. Hernandez*, 504 U.S. at 32. A complaint is frivolous if it "lacks an

arguable basis either in law or in fact." *Brewster v. Dretke*, 587 F.3d at 767. A

complaint lacks an arguable basis in law when it is "based on an indisputably

meritless legal theory," while factually frivolous claims are those in which the facts

alleged are clearly baseless, fanciful, fantastic, delusional, irrational, or wholly

incredible. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Talib v. Gilley*,

138 F.3d at 213; *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).

In determining whether a complaint filed by a plaintiff proceeding *in forma pauperis* fails to state a claim, the court should apply the same standards governing dismissals under Fed. R. Civ. P. 12(b)(6). *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). Thus, the court must limit itself to the contents of the pleadings, accept all well-pleaded facts as true, view the facts in a light most favorable to the plaintiff, and determine whether the plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

## I.    **The Court lacks subject matter jurisdiction.**

The Court discerns no basis for federal court jurisdiction in Plaintiff's pleading. The only mention of federal laws is the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602, *et seq.*, and Deprivation of Rights Under Color of Law, 18 U.S.C. § 242. (Rec. Doc. 1, ¶ 17). FSIA provides the exclusive basis for suing a foreign sovereign in United States courts. None of the named Defendants are foreign sovereigns. Deprivation of Rights Under Color of Law is a federal criminal code provision which does not provide a basis for implying a civil cause of action.

## II.    <u>42 U.S.C. § 1983.</u>

Plaintiff's primary causes of action in her Complaint could be liberally construed to arise under § 1983.  A plaintiff suing under § 1983 must "(1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citing *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994)). While Plaintiff does not cite § 1983, she does allege that she was "unlawfully stopped" and that her car was "unlawfully impounded" by the police (Rec. Doc. 1, ¶ 17) raising possible 4th Amendment concerns.

### a.  <u>The Kaplan PD</u>

Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  As such, Louisiana law governs whether the Kaplan PD has the capacity to be sued in this action.  Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person."  This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.  In *Roberts v. Sewerage & Water Board of New Orleans*, the Louisiana Supreme Court explained that "a local government unit may be deemed to be a juridical person separate and distinct from other government entities [] when

the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity." *Roberts v. Sewerage & Water Board of New Orleans,* 634 So. 2d 341, 347 (La. 1994). Thus, where there is no constitutional or statutory authority for the entity to sue or be sued, that entity is without capacity under the *Roberts* analysis. *City Council of Lafayette v. Bowen*, 649 So.2d 611, 613-616 (La.App. 3rd Cir.1994), writ denied, 650 So.2d 244 (La. 1995).

Courts have consistently held that city police departments are merely "branches or parts of the greater corporate body politic or judicial entity" and thus lack the capacity to be sued. *Clark v. Lafayette Police Dept.*, No. 18-CV-58, 2018 (Citing *Brown v. City of Alexandria*, No. 17-CV-798 (W.D. La. 2018)). Accordingly, these various offices and departments are not separate legal entities capable of being sued. *Lavergne v. Lafayette Parish Sheriff's Office*, 2014 U.S. Dist. LEXIS 30147 (W.D. La. 2014) (*citing Hicks v. Tarrant County Sheriff's Dep*t., 352 Fed. Appx. 876, 878, 2009 WL 2762378, *1 (5th Cir. 2009)(internal citations omitted). Plaintiff's claims against the Kaplan PD are thus frivolous and dismissal on that basis is recommended.

### b. Claims against Judge Hardee, III

Plaintiff named Judge Frank Hardee, III, for alleged violations of her rights, though he is not mentioned by name in Plaintiff's enumerated allegations. Plaintiff's suit against a Louisiana state judge is a suit against the State of Louisiana. The

Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Thus, Judge Hardee, III, has Eleventh Amendment immunity for claims asserted against him.  *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Plaintiff's claims against Judge Hardee, III, are thus frivolous and dismissal on that basis is recommended.

### c. **Remaining Defendants**

The remaining Defendants are Chief Joshua Hardy, Assistant Chief Robert Lemay, Officer Chase Trahan, Officer Irvin Cates, and Mayor Michael Kloesel.

Based on Plaintiff's scant, conclusory allegations, the Court is unable to make a determination under §1915(e)(2)(B) and unable to determine whether the Court has subject matter jurisdiction over Plaintiff's claims.  First, it is unclear if Plaintiff is suing these Defendants in their official or individual capacities.  Second, the Court has concerns about whether these Defendants were properly served and noticed. (*See* Rec. Doc. 10).    Accordingly, contemporaneous to this Report and Recommendation, the Court is issuing an Order to Amend.

## Conclusion

For the reasons discussed herein, **IT IS RECOMMENDED** that the claims against the Kaplan PD and Judge Frank Hardee, III, be **DISMISSED WITH PREJUDICE** as frivolous for lack of jurisdiction and/or failure to state a claim upon which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 7th day of January, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE