UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ANNETTE ADAMS** | **CASE NO. 6:24-CV-01223** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **POLICE DEPT OF KAPLAN ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

On January 8, 2025, the undersigned notified *pro se* Plaintiff Annette Adams that the Court could dismiss this case for failure to prosecute unless, within 21 days, she filed an Amended Complaint against the following named defendants:

- Chief Joshua Hardy
- Assistant Chief Robert Lemay
- Officer Chase Trahan
- Officer Irvin Cates, and
- Mayor Michael Kloesel
- 

(Rec. Doc. 17).

The Court explained that upon screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), it had jurisdictional concerns as many named defendants may be immune to suit and/or may not have been properly served or noticed. Therefore, the Court ordered Plaintiff to file an Amended Complaint. (*Id.*). Plaintiff failed to respond to the court order and/or file an Amended Complaint. For the reasons that

follow, it is recommended that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

## Background

Plaintiff filed the present action *pro se* on September 5, 2024, against the Kaplan Police Department ("Kaplan PD"), Chief of Police Joshua Hardy, Officer Chase Trahan, Officer Irvin Cates, Assistant Chief of Police Robert Lemay, the mayor of Kaplan, and Judge Frank Hardee, III, after she received citations from the Kaplan PD for failing to have the requisite license and registration for her vehicle. (Rec. Doc. 1). Plaintiff alleges that Defendants are in violation of the Foreign Sovereign Immunities Act, deprivation of rights under color of law, seizure of motor vehicle, theft of license plate, failure to honor God given rights, failure to honor oath of office, failure to follow federal statutes, among other alleged violations. (*Id*. at ¶ 17). Plaintiff requests $1,440,000.00 in damages for having "endured significant hardship due to being unlawfully stopped and cited twice, with her car unjustly impounded by the police." (*Id*.). On November 7, 2024, Defendants filed Motions to Dismiss (Rec. Docs. 9, 10, & 11). Plaintiff did not oppose any of the Motions.

On January 28, 2025, the Court entered a Judgment adopting the January 8, 2025 Report and Recommendation (Rec. Doc. 16) dismissing with prejudice Plaintiff's claims against the Kaplan PD and Judge Frank Hardee, III. (Rec. Doc. 18).

On January 8, 2025, the Court entered an Order to Amend regarding the remaining named defendants warning Plaintiff of possible dismissal for failure to comply. (Rec. Doc. 17). Plaintiff failed to respond to the court order and/or file an Amended Complaint.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b)(in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without motion by the defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31(1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Dismissal is warranted in these circumstances. The Court is empowered to screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). As discussed in the January 8, 2025 Report and Recommendation, the Court has jurisdictional concerns as many named defendants may be immune to suit and/or may not have been properly served

or noticed. (Rec. Doc. 16). The Court is unable to properly screen Plaintiff's complaint as currently written. Accordingly, in order to assist Plaintiff, the Court enumerated specific requests regarding the remaining named defendants and ordered Plaintiff to file an Amended Complaint within 21 days. (Rec. Doc. 17). Plaintiff failed to do so and has not demonstrated adequate interest in pursuing the case to warrant the Court spending additional time or resources on the matter. Accordingly, it is recommended that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Plaintiff's complaint be DISMISSSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

      THUS DONE in Chambers, Lafayette, Louisiana on this 3rd day of February, 2025.

                                                               CAROL B. WHITEHURST
                                                               UNITED STATES MAGISTRATE JUDGE